Curtis Lee WILSON, Plaintiff–
Appellant,

v.

Mona HOLT, Correctional Officer 3;
Sherry Dickens, Correctional Officer
3; Kathleen J. Taboada, Correctional
Officer 3; Sherri L. Milligan, Proper-
ty Manager; Karen J. Norman, Cor-
rectional Officer 5, Defendants–Appel-
lees.

No. 05–40121.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

Curtis Lee Wilson, Tennessee Colony,
TX, pro se.

Before KING, Chief Judge, and
HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM: *

Curtis Lee Wilson, Texas prisoner
# 500061, appeals the district court's dis-
missal of his pro se, in forma pauperis
(IFP), 42 U.S.C. § 1983 complaint as frivo-
lous. Wilson's complaint sought the re-
turn of personal property and compensa-
tion for damages. Wilson argues that the
district court erred in concluding his claim
was barred. We review de novo. *See
Alexander v. Ieyoub,* 62 F.3d 709, 712 (5th
Cir.1995).

"Under the *Parratt/Hudson* doctrine, a
state actor's random and unauthorized de-
privation of a plaintiff's property does not
result in a violation of procedural due pro-
cess rights if the state provides an ade-
quate postdeprivation remedy." *Id.* (foot-
note omitted); *Parratt v. Taylor,* 451 U.S.
527, 541–44, 101 S.Ct. 1908, 68 L.Ed.2d 420
(1981), *overruled in part not relevant here,
Daniels v. Williams,* 474 U.S. 327, 106
S.Ct. 662, 88 L.Ed.2d 662 (1986); *Hudson
v. Palmer,* 468 U.S. 517, 533, 104 S.Ct.
3194, 82 L.Ed.2d 393 (1984). Texas has an
adequate postdeprivation remedy for Wil-
son's asserted loss; thus, Wilson's claim
was not properly raised in a 42 U.S.C.
§ 1983 action. *See Murphy v. Collins,* 26
F.3d 541, 543 (5th Cir.1994).

Wilson's appeal is without arguable mer-
it and is frivolous. *See Howard v. King,*
707 F.2d 215, 219–20 (5th Cir.1983). As
the appeal is frivolous, it is DISMISSED.
*See* 5TH CIR. R. 42.2. The dismissal of this
appeal as frivolous and the district court's
dismissal as frivolous both count as strikes
for purposes of 28 U.S.C. § 1915(g). *See
Adepegba v. Hammons,* 103 F.3d 383, 387–
88 (5th Cir.1996). Wilson is cautioned that
if he accumulates three strikes, he will not
be permitted to proceed IFP in any civil
action or appeal filed while he is incarcer-
ated or detained in any facility unless he is
under imminent danger of serious physical
injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVO-
LOUS; SANCTION WARNING IS-
SUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.